The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION,

v.

**Robert O. SYLVESTER, Respondent.**

No. 67778.

Supreme Court of Iowa.

April 21, 1982.

Lee H. Gaudineer, Jr., Des Moines, for complainant.

Daniel C. Galvin, Sioux City, for respondent.

McCORMICK, Justice.

This attorney disciplinary case was submitted to the grievance commission on stipulated facts. Those facts establish that respondent Robert O. Sylvester drafted a will in which he was beneficially named, was dilatory in probating the estate, and was dilatory in rendering a title opinion for another client. We find that respondent's license to practice law should be suspended indefinitely.

Respondent drafted a will for Frances C. McKnight that was executed on June 24, 1976. He was named in the will as one of thirty-two beneficiaries and residuary legatees. Testator was a single person without any close relatives, and respondent was a close friend.

After McKnight's death on April 30, 1977, respondent filed the will for probate and

was appointed executor. He served as executor and attorney for the executor until he resigned in January 1981 in the face of a petition for his removal filed by other beneficiaries. He had made no filings in the estate since June 1, 1980, and the estate was still open at the time of the grievance proceeding. Although the assets were substantial and the number of beneficiaries was large, no explanation for the inordinate delay in closing the estate was offered.

In a separate matter, respondent was employed on May 16, 1980, to examine an abstract for Gerald Perrera. Despite requests by Perrera for a title opinion or for return of the abstract, respondent did not issue his opinion and return the abstract until May 1981.

We find that the stipulated facts demonstrate ethical violations by respondent. He violated EC 5–5 of the Iowa Code of Professional Responsibility as it existed prior to December 16, 1977, by drafting a will in which he was beneficially named. *See Committee on Professional Ethics and Conduct v. Randall,* 285 N.W.2d 161, 165 (Iowa 1979); *Committee on Professional Ethics and Conduct v. Behnke,* 276 N.W.2d 838, 844–46 (Iowa 1979). The subject is now addressed in DR 5–101(B). In addition, by his dilatoriness in handling the estate and the abstract examination, respondent violated DR 6–101(A)(3) ("A lawyer shall not . . . [n]eglect a legal matter entrusted to him."). *See Committee on Professional Ethics and Conduct v. Rogers,* 313 N.W.2d 535 (Iowa 1981).

In view of these infractions, we concur in the recommendation of the commission that respondent's license to practice law should be suspended indefinitely. We so order. This suspension shall apply to and include all facets of ordinary law practice, including but not limited to the services listed in Iowa Sup.Ct.R. 118.12.

Ordinarily we would also fix a period after which reinstatement might occur. In this case, however, respondent has withdrawn from active practice and has stated an intention to retire. Therefore it is un-

necessary to determine a minimum suspension period.

LICENSE SUSPENDED.