COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

Richard V. PAULOS, Respondent.

No. 87–566.

Supreme Court of Iowa.

Aug. 19, 1987.

James E. Gritzner of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for complainant.

Richard V. Paulos, Davenport, pro se.

NEUMAN, Justice.

This lawyer disciplinary matter is before the court for our de novo review and final disposition in accordance with Iowa Supreme Court Rule 118.10. Having reviewed the record made before the Grievance Commission, we concur in its findings and recommendation that respondent's license to practice law should be suspended.

The complaint against respondent Richard V. Paulos centers on his inaction in four probate matters. None of the facts are disputed. Two estate administrations, commenced by respondent in 1976 as attorney for the personal representatives, remain open after more than ten years despite repeated notices of delinquency filed

by the clerk of court. Similarly, two conservatorships in which respondent has been designated the attorney have been the subject of repeated delinquency notices for respondent's failure to file annual reports for more than three years. *See* Iowa Code § 633.32 (1985); Iowa R. of Prob. P. 5.

Equally troublesome is respondent's failure to respond in any fashion to inquiries by the Committee on Professional Ethics and Conduct of the Iowa State Bar Association (committee) concerning these delinquencies. Pursuant to rule 3.2 and 3.3 of the committee's rules of practice and procedure, the respondent was served with a registered, certified letter in October 1985 notifying him that his failure to correct these probate delinquencies would lead to a formal investigation of the complaint. The letter requested his immediate response. Post office records reveal the notice was "refused." A second notice, delivered by certified letter on January 21, 1986, was received by the respondent on January 24, 1986. Again, no response was received by the committee. Even a public reprimand entered by this court in April 1986 failed to prompt respondent to take any action whatsoever.

▮ Continuing this pattern of unresponsiveness, respondent declined to admit or deny requests for admissions filed by the committee in this proceeding. By operation of law, respondent has admitted the following allegations of ethical misconduct, violations which we find clearly supported by substantial evidence in the record: DR 1–102(A)(5) (conduct prejudicial to the administration of justice); DR 1–102(A)(6) (conduct adversely reflecting upon fitness to practice law); EC 6–1 (requiring competence and proper care in representing clients); EC 6–4 (requiring adequate preparation and appropriate attention to legal work); DR 6–101(A)(1) and (3) (a lawyer shall not handle a matter which he knows or should know he is not competent to handle, or neglect a legal matter entrusted to him); DR 7–101(A)(1) and (2) (failure to seek the lawful objectives of a client and failure to carry out a contract of employment for professional services).

Appearing before the Grievance Commission, respondent furnished some explanation for his dilatory performance. In 1976 he underwent open heart surgery. Having returned to his practice on a limited basis some six months later, respondent explained candidly that he has "worked to the goal of trying to attain my full abilities. I just never have." His physical disabilities have apparently affected his emotional well being, resulting in what he described as "stress and deep depression" that has been, in his words "debilitating and almost paralyzing sometimes."

He revealed that of the four probate files at issue here, three were returned to clients in an unfinished state without notice to the court of his withdrawal or advice to his clients that they should seek other counsel. The fourth file is reportedly lost and has not had his attention for some time.

In its findings and conclusions, the commission characterized respondent as "a sympathetic figure who apparently became confused by the delinquency process and grievance process." We concur in that observation and conclude from our review of the entire record that respondent's confused state is beyond his ability to control at this time. Setting all sympathy aside, however, it is our duty to protect the public we serve from lawyers rendered unfit from any cause. We have routinely imposed sanctions on lawyers for the kind of inattention to probate administration exemplified by this record. *See Committee on Professional Ethics & Conduct v. Larsen,* 407 N.W.2d 601 (Iowa 1987); *Committee on Professional Ethics & Conduct v. Batschelet,* 402 N.W.2d 429, 431 (Iowa 1987); *Committee on Professional Ethics & Conduct v. Davidson,* 398 N.W.2d 856, 860 (Iowa 1987); *Committee on Professional Ethics & Conduct v. Steensland,* 376 N.W.2d 615, 618 (Iowa 1985); *Committee on Professional Ethics & Conduct v. Sylvester,* 318 N.W.2d 212, 212–13 (Iowa 1982); *Committee on Professional Ethics & Conduct v. Rogers,* 313 N.W.2d 535, 535–36 (Iowa 1981); *Committee on Professional*

*Ethics & Conduct v. Bitter,* 279 N.W.2d 521, 524–25 (Iowa 1979).

■ Moreover, we will not excuse such unsatisfactory performance because of an attorney's ill health, emotional problems, or the general stress of a busy law practice. *Committee on Professional Ethics & Conduct v. Hoffman,* 402 N.W.2d 449, 451 (Iowa 1987); *Committee on Professional Ethics & Conduct v. Vesole,* 400 N.W.2d 591, 592 (Iowa 1987); *Committee on Professional Ethics & Conduct v. Silver,* 395 N.W.2d 877, 878 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Kelly,* 357 N.W.2d 315, 319 (Iowa 1984); *Committee on Professional Ethics & Conduct v. Millen,* 357 N.W.2d 313, 315 (Iowa 1984).

■ We therefore suspend respondent's license to practice law in the courts of this state indefinitely, with no possibility of reinstatement for six months. This suspension applies to all facets of the practice of law. *See* Iowa Sup. Ct. R. 118.12.[1]

Upon any application for reinstatement, respondent shall establish that he has not practiced law during this suspension period and that he has in all other ways complied with the requirements of our rules pertaining to suspended attorneys. Any application for reinstatement shall be accompanied by satisfactory evidence that respondent is no longer suffering from any physical or emotional illness that would interfere with the timely completion of legal business entrusted to him.

LICENSE SUSPENDED.

---

1. We note that respondent is currently under suspension for failure to comply with Supreme Court Rules 121 through 121.5 pertaining to reporting requirements of the Client Security and Attorney Disciplinary Commission. Such suspension shall run concurrently with that imposed here. Respondent's license shall not be reinstated until both suspensions have been lifted.