**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,**

v.

**Ray SULLINS, Respondent.**

No. 99–1663.

Supreme Court of Iowa.

June 1, 2000.

Rehearing Denied Aug. 10, 2000. *

Norman G. Bastemeyer and David J. Grace, Des Moines, for complainant.

Ray Sullins, Des Moines, pro se.

PER CURIAM.

The lawyer in this disciplinary case is unwilling or unable to discharge the duties required in the practice. Because of his repeated failures to face up to these responsibilities, we suspend his license for not less than one year. We also direct that his license shall not be reinstated until he makes the showing we hereinafter describe.

Although other highly disturbing misconduct is hinted, the central theme in this exasperating case is "stonewalling," a stubborn refusal to address a clear duty. Ray Sullins, the respondent attorney, seems to have raised procrastination to a high art. He plays no favorites. He has consistently spurned the inquiries of our board of ethics and conduct in exactly the same manner demonstrated with his clients.

He is no neophyte procrastinator. In this proceeding he faces his fourth similar sanction since 1986: a public reprimand in 1986; a public reprimand in 1996; and the reprimand in *Iowa Supreme Court Board of Professional Ethics & Conduct v. Sullins,* 556 N.W.2d 456, 456 (Iowa 1996). This is enough. We now suspend his license to practice law in the courts of this state. We will consider no application for reinstatement until one year following the date of this opinion and will not grant any application unless Sullins demonstrates an ability and willingness to deliver compe-

---

* McGiverin, C.J., and Snell, J., not participating.

tent legal services with reasonable promptness, and to comply with the deadlines imposed in our rules of practice.

Though the facts here are much more egregious, we recently described the nature of Sullins' problem this way:

> This lawyer disciplinary case involves profuse neglect in performing professional duties. Often, though certainly not routinely, we see discipline cases where the inattention reaches epic proportions. Neglected matters, each nagging for attention, add up. Exasperated clients demand attention. The clamor, which might be expected to prompt a lawyer to act, sometimes has an opposite, freezing effect. In extreme cases the lawyer seems powerless either to attend to the obvious professional responsibilities, or to respond to the entreaties of our ethics board when it inquires into the neglect. Our experience in a number of these strange cases enables us to trace these situations, and somewhat explain the misconduct. This does not mean though, that we can or will tolerate it.

*Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Scieszinski*, 599 N.W.2d 472, 473 (Iowa 1999).

The present proceeding revolves around four professional relationships. They each fit within the typical neglect pattern. In one count, the *Pals v. Beverly Baltzley* case, Sullins failed to file a timely response to the ethics board and failed to cooperate with its investigation. In a second case, the *Kotz* case, Sullins was negligent in not prompting his client to deliver answers to interrogatories. These procrastinations cost the client $750 in a federal court sanction. He later failed to render an adequate financial accounting as to how he spent the retainer. His sloppy record keeping resulted in a nonexistent case file. Finally, Sullins procrastinated in responding to the local bar association's ethics committee.

In the third matter, the *Hauf* case, Sullins refused to render an accounting of services said to have been performed according to a written fee agreement. Sullins also failed to comply with an oral agreement to settle the fee dispute with the local bar association's ethics committee. In the fourth matter, the *Hupp* case, Sullins neglected to file suit even though the petition was prepared and the client had paid the filing fee. Sullins refused to return phone calls or respond to letters requesting return of the client's materials. When pressed by subsequent counsel, Sullins eventually returned some of the paperwork but not the original papers and photographs necessary to proceed in the suit. Finally, Sullins failed to return unearned fees after being discharged by the client. All this conduct was in gross violation of DR 6–101(A)(3) (neglect of client's legal matter). His abominable record keeping was a clear violation of DR 9–102(B).

It should be unnecessary to again remind Sullins that our ethics board is an arm of this court, a point we tried our best to make clear in *Sullins*, 556 N.W.2d at 457. Sullins should consider the matter seriously if he is ever again asked to respond to our board's investigations because any future for him in the profession will be at stake.

We direct that Ray Sullins' license to practice law in the courts of this state, as that term is defined in Iowa Supreme Court Rule 118.12, be suspended indefinitely with no possibility of reinstatement for one year from the date of this opinion. No application for reinstatement will be granted without the showing already mentioned. The costs of this action are assessed against Sullins in accordance with Iowa Supreme Court Rule 118.22.

**LICENSE SUSPENDED.**

All justices concur except LAVORATO, J., who takes no part.