705 N.W.2d 477 (2005)
IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD, Complainant,
v.
Michael D. MAXWELL, Respondent.
No. 05-0576.
Supreme Court of Iowa.
October 21, 2005.
*478 Charles L. Harrington and Wendell J. Harms, Des Moines, for complainant.
Mark McCormick of Belin Lamson McCormick Zumbach Flynn, P.C., Des Moines, for respondent.
CADY, Justice.
The Iowa Supreme Court Attorney Disciplinary Board charged Michael D. Maxwell with numerous violations of the Iowa Code of Professional Responsibility for Lawyers stemming from his neglect and inattention in the representation of three clients. The Grievance Commission of the Supreme Court of Iowa found Maxwell violated the Code of Professional Responsibility. It recommended Maxwell be suspended from the practice of law for an indefinite period of time, subject to reinstatement under the provisions governing the suspension of a lawyer for a disability. On our review, we find Maxwell violated the Code of Professional Responsibility and impose an indefinite suspension of not less than one year.

I. Background Facts and Proceedings
Michael D. Maxwell was admitted to practice law in Iowa in 1988. He practiced law for a brief period of time in Texas prior to that time, and worked in private business for several years before attending law school. Maxwell is fifty-five years old. He is married and has two children. His wife is also an Iowa lawyer. Maxwell has been a sole practitioner in Des Moines since 1991, and has developed a general practice. He is licensed to practice before the United States Patent and Trademark Office.
Maxwell has suffered from depression for much of his adult life. He has also had a long struggle with anxiety. Maxwell began medical treatment for his depression while in college. It has continued, off and on, since that time. For the most part, he is treated with medication and psychotherapy. Recent medical treatment has revealed an additional diagnosis of attention deficit disorder. His chronic depression is affected by a number of ongoing stress factors, and the treatment he has received has only been met with limited overall success. Periods of success have never been sustained. Some of the stress in his life emanates from the practice of law, producing a tendency for him to procrastinate, lose concentration, and become generally disorganized.
The symptoms of depression suffered by Maxwell have generated a multitude of problems for him in his personal and business life. Three problems are at the center of this disciplinary action. In May 1999, he began representing a woman named Theresa Daniels in a personal injury claim. He failed to file a lawsuit on behalf of Daniels prior to the time the statute of limitations ran in 2001. In June 1999, he began representing a woman named Kendra Wiess in a personal injury claim. Again he failed to file a lawsuit on behalf of Wiess prior to the time the statute of limitations ran in 2001. In 2002, he began representing a woman named Arminda Monaghan in an action to modify the child custody, visitation, and support *479 terms of a decree for dissolution of marriage. During the pendency of this action, Maxwell failed to notify Monaghan of a court hearing, and she was denied an opportunity to present testimony prior to a court ruling in the case.
Maxwell has a history of prior disciplinary actions. He was reprimanded in 1993 for placing his personal interests before the interests of a client. He was reprimanded in 1999 for neglect of a client's legal matter. He was admonished in 2000 for failing to communicate with a client. He was reprimanded in 2004 for neglect and misconduct.
Maxwell acknowledged the facts of the complaints against him. His testimony at the disciplinary hearing centered on his chronic depression as an underlying cause of his conduct, and his lifelong efforts in dealing with the affliction. His testimony was supported by the testimony of his treating physician. Maxwell has gained considerable insight and understanding into his depression, its causes and problems, and the methods of controlling it. He is committed to leading as normal a life as possible. He plans to seek inpatient treatment and has been winding down his law practice. He currently has only ten active cases in his office. He hopes to limit his future practice to assisting other lawyers. He has expressed an understanding of the limits his depression places on his ability to practice law, especially as a sole practitioner, as well as other activities in his life.

II. Board Complaint
The Board charged Maxwell with numerous violations of the Iowa Code of Professional Responsibility for Lawyers, including DR 1-102(A)(1) (violation of a disciplinary rule), DR 1-102(A)(5) (conduct prejudicial to the administration of justice), DR 1-102(A)(6) (conduct that adversely reflects on the fitness to practice law), DR 6-101(A)(3) (neglect of a client matter), DR 7-101(A)(1) (failure to seek objectives of a client), DR 7-101(A)(2) (failure to carry out employment contract with a client), and DR 7-101(A)(3) (prejudice or damage to a client).
The Commission found the Board established the violations as set forth in the complaint, with one exception. It found insufficient evidence of intent to support a violation under DR 7-101 on each count. See Iowa Code Prof'l Responsibility DR 7-101 (beginning "[a] lawyer shall not intentionally" (emphasis added)). The Commission recommended that Maxwell be suspended from the practice of law for an indefinite period of time, and further recommended that reinstatement be governed by the suspension provisions of rule 35.16. See Iowa Ct. R. 35.16 (disability suspension).

III. Scope of Review
Our review of attorney disciplinary proceedings is de novo. Iowa Sup.Ct. Bd. of Prof'l Ethics & Conduct v. Bernard, 653 N.W.2d 373, 375 (Iowa 2002) (citing Iowa Sup.Ct. Bd. of Prof'l Ethics & Conduct v. Mulford, 625 N.W.2d 672, 679 (Iowa 2001)). We are not bound by the findings made by the Commission, but give them weight. Id. (citing Mulford, 625 N.W.2d at 679).

IV. Violations
We have previously discussed professional neglect as a violation of our rules of ethics. See Iowa Sup.Ct. Bd. of Prof'l Ethics & Conduct v. Moorman, 683 N.W.2d 549, 551-52 (Iowa 2004). Under these standards, the conduct by Maxwell on all three counts constituted neglect, in violation of DR 6-101(A)(3). See id. at 551 (stating neglect "is a form of professional incompetence that often involves procrastination, *480 such as the lawyer doing little or nothing to advance the interests of a client after agreeing to represent the client"; failure to file action within statute-of-limitations period is neglect unless inadvertent or an error in judgment (citations omitted)). At the same time, the conduct violated DR 1-102(A). See Iowa Sup.Ct. Bd. of Prof'l Ethics & Conduct v. Daggett, 653 N.W.2d 377, 380 (Iowa 2002) (neglect also violates DR 1-102(A) (citations omitted)). We also conclude from the evidence that the conduct violated DR 7-101(A). Intent required to support a violation of the professional obligation to zealously represent a client under DR 7-101(A) means "`a conscious disregard' of the responsibilities assumed." Comm. on Prof'l Ethics & Conduct v. Gill, 479 N.W.2d 303, 305 (Iowa 1991) (quoting Comm. on Prof'l Ethics & Conduct v. Gardalen, 414 N.W.2d 124, 128 (Iowa 1987)). Although Maxwell may have failed to act on behalf of his clients due to his ongoing depression, he was aware of his responsibilities and was aware he was not performing those responsibilities. Additionally, we have repeatedly said that depression does not minimize the seriousness of unethical conduct. Iowa Sup.Ct. Bd. of Prof'l Ethics & Conduct v. Grotewold, 642 N.W.2d 288, 295 (Iowa 2002) (collecting cases). Instead, it is considered in the imposition of discipline. Id. Accordingly, we turn to the issue of discipline, which is the heart of this case.

V. Discipline
Generally, the discipline imposed for neglect of client matters "ranges from a public reprimand to a six-month suspension." Moorman, 683 N.W.2d at 553 (citation and quotation marks omitted). Yet, precedents are of little value in such cases, and each case must be individually considered. Iowa Sup.Ct. Bd. of Prof'l Ethics & Conduct v. Eich, 652 N.W.2d 216, 219 (Iowa 2002). "Additionally, multiple incidents of neglect become aggravating circumstances in determining discipline." Moorman, 683 N.W.2d at 553 (citation omitted). In Iowa Supreme Court Board of Professional Ethics & Conduct v. Sullins, 613 N.W.2d 656, 656-57 (Iowa 2000) (per curiam), we imposed a one-year suspension for numerous incidents of profuse and pervasive neglect. More recently, in Iowa Supreme Court Board of Professional Ethics & Conduct v. Moorman, we imposed a two-year suspension for repeated neglect and other conduct that adversely reflected on the fitness to practice law. Moorman, 683 N.W.2d at 553. Ultimately, we consider discipline in light of "the nature of the alleged allegations, the need for deterrence, protection of the public, maintenance of the reputation of the bar as a whole, and the respondent's fitness to continue to engage in the practice of law." Iowa Sup.Ct. Bd. of Prof'l Ethics & Conduct v. Hohenadel, 634 N.W.2d 652, 655 (Iowa 2001) (citation, quotation marks, and brackets omitted).
The number of incidents of neglect, the resulting harm, and Maxwell's present unfitness to engage in the practice of law support a suspension. However, we reject the recommendation of the committee to treat the discipline as a disability suspension under rule 35.16. Although a disability suspension shares some of the same objectives and purposes of attorney discipline, a disability suspension is not a sanction and does not specifically address unethical conduct and the need to deter future conduct. See Iowa Ct. R. 35.9 (the grievance commission can recommend as part of the report any sanction consistent with the purposes of attorney discipline). Additionally, the standard for reinstatement in a disciplinary suspension is different than the standard for reinstatement in a disability suspension. Compare Iowa Ct. R. 35.13, with id. R. 35.16. Reinstatement *481 in a disciplinary suspension not only requires a showing of fitness to practice law, as in a disability suspension, but also requires a showing of good moral character and compliance with other rules and terms of the suspension. Id. R. 35.13(1)(d). Although the disability suspension process may be available to an attorney gripped by depression and unable to function in a professional capacity, it was not the path taken by Maxwell.
We conclude Maxwell should be indefinitely suspended from the practice of law with no possibility of reinstatement for one year. This sanction strikes a fair balance between the seriousness of the unethical conduct and the serious debilitating medical condition at the heart of this case, together with the commendable efforts Maxwell has taken to overcome his condition.

VI. Conclusion
We suspend Maxwell's license to practice law with no possibility of reinstatement for a period of not less than one year from the date of the filing of this opinion. This suspension applies to all facets of the practice of law. Iowa Ct. R. 35.12(3). Upon application for reinstatement, Maxwell shall prove that he meets all of the requirements of Iowa Court Rule 35.13, including that he is fit to practice law. Costs of the action shall be taxed to Maxwell pursuant to Iowa Court Rule 35.25(1).
LICENSE SUSPENDED.