**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD, Complainant,**

v.

**Richard E. MUNDY, Respondent.**

**No. 05–1858.**

Supreme Court of Iowa.

March 3, 2006.

Charles L. Harrington and Laura M. Roan, Des Moines, for complainant.

Frank J. Nidey of Nidey Peterson Erdahl & Tindal, PLC, Cedar Rapids, for respondent.

LARSON, Justice.

Richard E. Mundy was charged by our attorney disciplinary board in a two-count complaint with violating our Code of Professional Responsibility for Lawyers. On our review of the recommendations and

findings of the Grievance Commission, we order that Mundy's license be suspended for at least three months.

## I. *Facts.*

The board and Mundy entered into an agreement under which they stipulated to all underlying facts,[1] waived a hearing before the Grievance Commission, and agreed to a three-month suspension. The respondent was sixty-two at the time of the commission proceedings and has practiced law since 1970. Mundy is suffering from deepening depression, and according to his agreed statement of facts, "[b]ecause of his medical condition Respondent is not currently fit to practice law."

## II. *The Complaint.*

■ A. *Neglect of a client's matter.* The board charged, in Count I, that Mundy was guilty of neglect of a client's matter. In June 2000 Joel Kroon hired Mundy to file a dissolution petition on his behalf, which Mundy did the following month. Shortly thereafter, Kroon moved to Florida, and Mundy's representation began to deteriorate. Mundy failed to comply with court orders in connection with discovery and mediation. He also failed to notify Kroon, during his representation of him, that he had been placed under suspension by this court for failing to file his annual commission reports. The record does not show why Mundy failed to meet these responsibilities, but it would be reasonable to assume it was a result of his depression.

In April 2002 the court entered a dissolution decree. As a part of the decree, Mundy was ordered to pay Kroon's ex-wife her share of the marital assets and attorney fees from his trust account. Mundy failed to do so, and on August 1, 2002,

Kroon was cited for contempt of court. For several months prior to this, Kroon had attempted to reach Mundy, but Mundy did not return telephone calls or respond to Kroon's correspondence. The funds were ultimately paid by the respondent, but not until these grievance proceedings had been commenced by his unhappy dissolution client, Joel Kroon.

The Kroon complaint was filed with the board on August 15, 2002. On August 20 the board mailed a notice of the complaint to Mundy. Mundy acknowledged receipt of the certified letter on August 23, but he did not respond. On September 17 and November 14, 2002, the board mailed second and third notices. Mundy still did not respond.

■ B. *The insufficient-funds checks.* The board charged, in Count II, that Mundy had written insufficient-funds checks to our client security and continuing legal education commissions and had failed to make the checks good.

## III. *The Commission Report.*

■ As to Count I, the commission found that Mundy had violated DR 1–102(A)(1) (violation of disciplinary rule), DR 1–102(A)(5) (conduct prejudicial to the administration of justice), DR 1–102(A)(6) (conduct adversely reflecting on fitness to practice law), DR 6–101(A)(3) (neglect of client's legal matter), DR 7–101(A)(1) (failure to seek lawful objectives of a client), DR 7–101(A)(2) (failure to carry out contract of employment), DR 7–101(A)(3) (prejudice or damage to client during course of representation), DR 7–102(A)(8) (knowingly engaging in other illegal conduct or conduct contrary to a disciplinary rule), and DR 9–102(B)(4) (failing to

---

1. In addition to the facts stipulated to by the parties, other facts in the board's complaint are deemed admitted by Mundy's failure to answer the board's complaint. *See* Iowa Ct. R. 36.7.

promptly pay or deliver funds, securities, or other properties in lawyer's possession).

As to Count II, involving the insufficient-funds checks, the commission found that Mundy's actions violated DR 1–102(A)(1), DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), as well as DR 1–102(A)(5) and DR 1–102(A)(6).

The commission recommended that Mundy's license be suspended for three months. Further, as a requirement of re-admission he should be required to show his fitness to practice law by including evidence from all health-care professionals who had treated him concerning his depression. The commission also recommended that Mundy be ordered to make restitution to the client security and continuing legal education commissions for the insufficient-funds checks.

In *Iowa Supreme Court Board of Professional Ethics & Conduct v. Moorman*, 683 N.W.2d 549 (Iowa 2004), we noted that when the neglect of a client's legal matter is the primary infraction, discipline generally ranges from a public reprimand to a six-month suspension.

In determining the sanction to be imposed here, we consider the stipulation of the parties, which established that Mundy suffers from severe depression and is presently not practicing law. We also consider other cases involving lawyers with depression. In *Iowa Supreme Court Attorney Disciplinary Board v. Maxwell*, 705 N.W.2d 477, 480 (Iowa 2005), we stated that depression does not minimize the seriousness of an attorney's unethical conduct, but it is to be considered in the imposition of discipline. In *Iowa Supreme Court Board of Professional Ethics & Conduct v. Grotewold*, 642 N.W.2d 288, 291 (Iowa 2002), we imposed a sixty-day suspension in a case involving a lawyer suffering from depression who neglected client matters, misrepresented a matter to the court, and

failed to respond to the board. In *Iowa Supreme Court Board of Professional Ethics & Conduct v. Adams*, 623 N.W.2d 815 (Iowa 2001), a lawyer suffering from depression had neglected legal matters, failed to deposit a retainer and advances into trust accounts, failed to account for client property, and misrepresented to the client to cover up neglect. We ordered a minimum three-month suspension, noting that the attorney was suffering from depression. In *Iowa Supreme Court Board of Professional Ethics & Conduct v. Sherman*, 637 N.W.2d 183, 188 (Iowa 2001), the attorney had committed previous violations and was suffering from depression. We suspended his license for a minimum of three months and required that, upon application for reinstatement, he provide medical proof that he is mentally fit to resume the practice of law. In *Committee on Professional Ethics & Conduct v. Paulos*, 410 N.W.2d 260, 262 (Iowa 1987), we ordered a lawyer's license suspended for a minimum of six months. We required that upon application for reinstatement the attorney include "satisfactory evidence that [he] is no longer suffering from any physical or emotional illness that would interfere with the timely completion of legal business entrusted to him."

Based on the parties' stipulation, including Mundy's admission that he is currently under suspension in connection with his failure to effectively file his annual reports and that he is not psychologically fit to practice law at the present time, we believe that suspension is warranted. We agree with the commission that Mundy violated the disciplinary rules as set out above. Mundy and the board stipulated that a set three-month suspension is warranted, but we believe this should be a minimum. We therefore suspend his license for a minimum period of three months from the date of the filing of this opinion. This suspension shall apply to all

facets of the practice of law. *See* Iowa Ct. R. 35.12(3). Upon any application for reinstatement, Mundy shall establish that he has not practiced law during the period of his suspension, that he meets all the requirements of Iowa Court Rule 35.13, that he has paid the costs of this proceeding, and that he has made restitution to the client security trust fund and the commission on continuing legal education for all sums owed to them. He shall also demonstrate by competent medical evidence that he is psychologically and mentally capable of practicing law.

**LICENSE SUSPENDED.**