IN THE SUPREME COURT OF IOWA

 No. 08 / 05-1858

 Filed March 3, 2006

IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD,

 Complainant,

vs.

RICHARD E. MUNDY,

 Respondent.

 On review of the findings and recommendations of the Grievance
Commission.

 Grievance Commission of the Supreme Court recommended that
respondent’s license to practice law be suspended. LICENSE SUSPENDED.

 Charles L. Harrington and Laura M. Roan, Des Moines, for complainant.

 Frank J. Nidey of Nidey Peterson Erdahl & Tindal, PLC, Cedar Rapids,
for respondent.

LARSON, Justice.
 Richard E. Mundy was charged by our attorney disciplinary board in a
two-count complaint with violating our Code of Professional Responsibility
for Lawyers. On our review of the recommendations and findings of the
Grievance Commission, we order that Mundy’s license be suspended for at
least three months.
 I.  Facts.
 The board and Mundy entered into an agreement under which they
stipulated to all underlying facts,[1] waived a hearing before the
Grievance Commission, and agreed to a three-month suspension. The
respondent was sixty-two at the time of the commission proceedings and has
practiced law since 1970. Mundy is suffering from deepening depression,
and according to his agreed statement of facts, “[b]ecause of his medical
condition Respondent is not currently fit to practice law.”
 II.  The Complaint.
 A.  Neglect of a client’s matter. The board charged, in Count I,
that Mundy was guilty of neglect of a client’s matter. In June 2000 Joel
Kroon hired Mundy to file a dissolution petition on his behalf, which Mundy
did the following month. Shortly thereafter, Kroon moved to Florida, and
Mundy’s representation began to deteriorate. Mundy failed to comply with
court orders in connection with discovery and mediation. He also failed to
notify Kroon, during his representation of him, that he had been placed
under suspension by this court for failing to file his annual commission
reports. The record does not show why Mundy failed to meet these
responsibilities, but it would be reasonable to assume it was a result of
his depression.
 In April 2002 the court entered a dissolution decree. As a part of
the decree, Mundy was ordered to pay Kroon’s ex-wife her share of the
marital assets and attorney fees from his trust account. Mundy failed to
do so, and on August 1, 2002, Kroon was cited for contempt of court. For
several months prior to this, Kroon had attempted to reach Mundy, but Mundy
did not return telephone calls or respond to Kroon’s correspondence. The
funds were ultimately paid by the respondent, but not until these grievance
proceedings had been commenced by his unhappy dissolution client, Joel
Kroon.
 The Kroon complaint was filed with the board on August 15, 2002. On
August 20 the board mailed a notice of the complaint to Mundy. Mundy
acknowledged receipt of the certified letter on August 23, but he did not
respond. On September 17 and November 14, 2002, the board mailed second
and third notices. Mundy still did not respond.
 B.  The insufficient-funds checks. The board charged, in Count II,
that Mundy had written insufficient-funds checks to our client security and
continuing legal education commissions and had failed to make the checks
good.
 III.  The Commission Report.
 As to Count I, the commission found that Mundy had violated
DR 1—102(A)(1) (violation of disciplinary rule), DR 1—102(A)(5) (conduct
prejudicial to the administration of justice), DR 1—102(A)(6) (conduct
adversely reflecting on fitness to practice law), DR 6—101(A)(3) (neglect
of client’s legal matter), DR 7—101(A)(1) (failure to seek lawful
objectives of a client), DR 7—101(A)(2) (failure to carry out contract of
employment), DR 7—101(A)(3) (prejudice or damage to client during course of
representation), DR 7—102(A)(8) (knowingly engaging in other illegal
conduct or conduct contrary to a disciplinary rule), and DR 9—102(B)(4)
(failing to promptly pay or deliver funds, securities, or other properties
in lawyer’s possession).
 As to Count II, involving the insufficient-funds checks, the
commission found that Mundy’s actions violated DR 1—102(A)(1),
DR 1—102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or
misrepresentation), as well as DR 1—102(A)(5) and DR 1—102(A)(6).
 The commission recommended that Mundy’s license be suspended for three
months. Further, as a requirement of readmission he should be required to
show his fitness to practice law by including evidence from all health-care
professionals who had treated him concerning his depression. The
commission also recommended that Mundy be ordered to make restitution to
the client security and continuing legal education commissions for the
insufficient-funds checks.
 In Iowa Supreme Court Board of Professional Ethics & Conduct v.
Moorman, 683 N.W.2d 549 (Iowa 2004), we noted that, when the neglect of a
client’s legal matter is the primary infraction, discipline generally
ranges from a public reprimand to a six-month suspension.
 In determining the sanction to be imposed here, we consider the
stipulation of the parties, which established that Mundy suffers from
severe depression and is presently not practicing law. We also consider
other cases involving lawyers with depression. In Iowa Supreme Court
Attorney Disciplinary Board v. Maxwell, 705 N.W.2d 477, 480 (Iowa 2005), we
stated that depression does not minimize the seriousness of an attorney’s
unethical conduct, but it is to be considered in the imposition of
discipline. In Iowa Supreme Court Board of Professional Ethics & Conduct
v. Grotewold, 642 N.W.2d 288, 291 (Iowa 2002), we imposed a sixty-day
suspension in a case involving a lawyer suffering from depression who
neglected client matters, misrepresented a matter to the court, and failed
to respond to the board. In Iowa Supreme Court Board of Professional
Ethics & Conduct v. Adams, 623 N.W.2d 815 (Iowa 2001), a lawyer suffering
from depression had neglected legal matters, failed to deposit a retainer
and advances into trust accounts, failed to account for client property,
and misrepresented to the client to cover up neglect. We ordered a minimum
three-month suspension, noting that the attorney was suffering from
depression. In Iowa Supreme Court Board of Professional Ethics & Conduct
v. Sherman, 637 N.W.2d 183, 188 (Iowa 2001), the attorney had committed
previous violations and was suffering from depression. We suspended his
license for a minimum of three months and required that, upon application
for reinstatement, he provide medical proof that he is mentally fit to
resume the practice of law. In Committee on Professional Ethics & Conduct
v. Paulos, 410 N.W.2d 260, 262 (Iowa 1987), we ordered a lawyer’s license
suspended for a minimum of six months. We required that upon application
for reinstatement the attorney include “satisfactory evidence that [he] is
no longer suffering from any physical or emotional illness that would
interfere with the timely completion of legal business entrusted to him.”
 Based on the parties’ stipulation, including Mundy’s admission that he
is currently under suspension in connection with his failure to effectively
file his annual reports and that he is not psychologically fit to practice
law at the present time, we believe that suspension is warranted. We agree
with the commission that Mundy violated the disciplinary rules as set out
above. Mundy and the board stipulated that a set three-month suspension is
warranted, but we believe this should be a minimum. We therefore suspend
his license for a minimum period of three months from the date of the
filing of this opinion. This suspension shall apply to all facets of the
practice of law. See Iowa Ct. R. 35.12(3). Upon any application for
reinstatement, Mundy shall establish that he has not practiced law during
the period of his suspension, that he meets all the requirements of Iowa
Court Rule 35.13, that he has paid the costs of this proceeding, and that
he has made restitution to the client security trust fund and the
commission on continuing legal education for all sums owed to them. He
shall also demonstrate by competent medical evidence that he is
psychologically and mentally capable of practicing law.
 LICENSE SUSPENDED.
-----------------------
 [1]In addition to the facts stipulated to by the parties, other facts
in the board’s complaint are deemed admitted by Mundy’s failure to answer
the board’s complaint. See Iowa Ct. R. 36.7.