# IN THE SUPREME COURT OF IOWA

No. 08–0488

Filed November 21, 2008

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD,**

Complainant,

vs.

**ANDREA VAN BEEK,**

Respondent.

---

On review of the report of the Iowa Grievance Commission

Grievance Commission reports respondent has committed ethical misconduct and recommends a suspension from the practice of law. **LICENSE SUSPENDED.**

Charles L. Harrington and David J. Grace, for complainant.

Andrea Van Beek, Orange City, pro se.

**CADY, Justice.**

The Iowa Supreme Court Attorney Disciplinary Board (Board) charged Andrea Van Beek with numerous violations of the Iowa Code of Professional Responsibility for Lawyers. The Grievance Commission of the Supreme Court of Iowa (Commission) found Van Beek violated the Code of Professional Responsibility. It recommended Van Beek be suspended from the practice of law for two years. On our review, we find Van Beek violated the Code of Professional Responsibility, and we suspend her license to practice law indefinitely, with no possibility of reinstatement for two years.

## I. Background Facts and Proceedings.

Andrea Van Beek is an Iowa lawyer. She was admitted to the practice of law in 1977 and maintained an office in Orange City. She has been publicly reprimanded for unethical conduct on two occasions during her career. In December 1995, she was reprimanded for neglect in an estate proceeding. In August 2002, she was reprimanded for her participation in events that caused an elderly woman to deed 160 acres of farmland to her in 1994 as a gift.

Van Beek is also an alcoholic. On January 12, 2007, we indefinitely suspended her license to practice law after finding she was unable to effectively discharge her professional responsibilities due to uncontrolled bouts of alcohol consumption. Van Beek has not practiced law since that time, and her license remains under disability suspension. Van Beek also suffers from severe depression and has faced many personal and family tragedies and problems over the last several years, including her own battle with cancer. She has struggled in her efforts to confront and treat her depression and alcoholism.

Prior to Van Beek's disability suspension, she began to engage in a series of unethical conduct while engaged in the practice of law. The

unethical conduct resulted in a multiple-count complaint filed by the Board, which is the subject of this disciplinary proceeding. The complaint was divided into six counts and covered a period of several years. Some of the counts involve similar conduct.

On one occasion, Van Beek altered a will after it had been signed by the testator. For no apparent reason, Van Beek destroyed the first page of the original will after she learned the testator had died, and substituted a new first page. She then filed the will with the court, together with an oath that the will was the "original or exact reproduction." There was no indication she changed any substantive terms of the will or acted for personal gain, but her conduct likely altered the outcome of a subsequent will-contest proceeding to the detriment of some of the beneficiaries.

Van Beek also forged the name of the executor on documents filed with the court in probate proceedings on more than one occasion. In one estate proceeding, she signed the name of the executor to multiple documents filed with the court, notarized the false signatures, and then later prepared a false affidavit declaring the forged signatures to be authentic. In another estate action, she forged the signature of the executor on the final report and on an application for attorney fees. As before, she notarized the false signatures. She then accepted the attorney fees from the executor without prior court approval or authorization and prior to the time the fees were fully earned. She then failed to deposit the fees into her trust account. To compound matters, she failed to perform subsequent legal services in the case in a timely manner.

On another occasion, Van Beek signed the name of a client on a tax form without authorization from the client and filed the document with the Internal Revenue Service. In another case, she filed an appeal from a decision by the district court in a child custody proceeding without the

knowledge or consent of the client. The appeal was later dismissed for the failure to file a brief, and Van Beek billed the client for pursuing the appeal.

## II. Board Complaint.

The Board charged Van Beek with multiple violations of the rules of professional responsibility. Count I involved the alteration of the will by substituting a page of the will with another page and then presenting the will to the court without disclosing her actions. This count also charged Van Beek with falsely attesting that the will filed in probate was "the original or exact reproduction." This count alleged violations of numerous provisions of the Code of Professional Responsibility, including DR 1–102(A)(5) (conduct prejudicial to the administration of justice), DR 1–102(A)(6) (fitness to practice law), DR 1–102(A)(4) (dishonesty and misrepresentation), and DR 7–102(A)(5) (false statement of fact). Count II involved the alteration of a will by completing the signature of an elderly testator outside the presence of the testator and the witnesses to the will, in violation of DR 1–102(A)(4), DR 1–102(A)(5), and DR 1–102(A)(6). Count III involved signing the name of the executor to court documents and falsely attesting that the signatures were authentic, in violation of DR 1–102(A)(4), DR 1–102(A)(5), DR 1–102(A)(6), and DR 9–102(B)(1) (signing document in representative capacity). Count IV involved forgery of the executor's signature on court documents, accepting fees without court authorization, failing to deposit unearned fees into a trust account, and neglect, in violation of DR 9–102(B)(1), DR 1–102(A)(4), DR 1–102(A)(5), DR 1–102(A)(6), DR 1–106(A) (illegal fees), DR 9–102(A) (trust fund), and DR 6–101(A)(3) (neglect of client matters). Count V involved signing a client's name to a tax form, in violation of DR 9–102(B)(1), and DR 1–102(A)(4), (5), and (6). Finally, Count VI involved filing the appeal without the consent of the client, in violation of DR 7–101(A) (failed to seek lawful objectives) and DR 1–102(A)(5), DR 1–102(A)(6), and DR 6–101(A).

The Commission found the Board established violations under Counts I, III, IV, V, and VI. It found the Board did not establish Count II and further did not establish the false attestation portion of Count I. It recommended Van Beek be suspended from the practice of law for two years. It further recommended that reinstatement be conditioned upon a mental health evaluation that establishes her competency to practice law and the successful completion of the multistate professional responsibility portion of the Iowa bar examination. It also recognized Van Beek would need to take the appropriate action to lift the disability suspension as a condition to reinstatement.

### III. Scope of Review.

We review attorney disciplinary proceedings de novo. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Bernard*, 653 N.W.2d 373, 375 (Iowa 2002). We give weight to the findings of the commission, but are not bound by them. *Id.*

### IV. Violations.

We concur with the findings and conclusions made by the Commission in its detailed and thoughtful report. We find Van Beek violated the Code of Professional Responsibility as found by the Commission. In particular, she altered a will, forged the names of clients and executors to documents, falsely declared documents and signatures to be authentic, received attorney fees in an estate proceeding without a court order, failed to deposit unearned fees into her trust account, neglected client matters, and failed to seek the lawful objectives of a client.

### V. Discipline.

We decide the appropriate level of discipline in an attorney disciplinary action by considering " 'the nature of the alleged violations, the need for deterrence, the protection of the public, maintenance of the reputation of the

[bar] as a whole, and the respondent's fitness to continue' to practice law." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Walters*, 646 N.W.2d 111, 113–14 (Iowa 2002) (quoting *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Hohenadel*, 634 N.W.2d 652, 655 (Iowa 2001)). We consider both mitigating and aggravating circumstances. *Id.* In the end, we strive to impose discipline based on the particular facts of each case. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. McKittrick*, 683 N.W.2d 554, 563 (Iowa 2004).

Van Beek engaged in numerous acts of misrepresentation and dishonesty in several cases over several years. She improperly signed client names to documents and misrepresented the authenticity of these signatures. She also altered a will and misrepresented its authenticity.

We have said "[d]ishonesty, deceit, and misrepresentation by a lawyer are abhorrent concepts to the legal profession, and can give rise to the full spectrum of sanctions, including revocation." *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Hall*, 728 N.W.2d 383, 387 (Iowa 2007). In *Iowa Supreme Court Board of Professional Ethics & Conduct v. Rylaarsdam*, 636 N.W.2d 90 (Iowa 2002), we imposed a six-month suspension for neglect, forging clients' signatures, and falsifying court documents. Yet, we have disbarred lawyers who have repeatedly violated their professional obligation to be honest and truthful. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Rickabaugh*, 728 N.W.2d 375 (Iowa 2007). Honesty is mandatory in the legal profession. *Hall*, 728 N.W.2d at 387.

Van Beek also collected a probate fee without court approval and violated the trust account provisions with regard to the fee. A lawyer who receives a fee in a probate action without prior court authorization merits discipline. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. D'Angelo*, 710 N.W.2d 226, 235 (Iowa 2006). Additionally, the seriousness of this type of conduct is

compounded when the fee is not fully earned and is not deposited into a trust account. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sullins*, 648 N.W.2d 127, 135 (Iowa 2002).

Van Beek also neglected client matters. The range of discipline for neglect of a client matter generally falls between a public reprimand and a six-month suspension. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Joy*, 728 N.W.2d 806, 815 (Iowa 2007). The appropriate discipline depends on the particular facts and circumstances. *Id.*

Our cases generally indicate that the scope and type of misconduct engaged in by Van Beek supports a suspension from the practice of law for a period up to three years. *See id.* at 816 (citing cases); *Hall*, 728 N.W.2d at 388. For example, in *Iowa Supreme Court Attorney Disciplinary Board v. McCann*, 712 N.W.2d 89, 97 (Iowa 2006), we imposed a two-year suspension for multiple acts of neglect, misrepresentation to the court, misuse of client funds, and accounting failures. In *Iowa Supreme Court Attorney Disciplinary Board v. Moonen*, 706 N.W.2d 391, 402–03 (Iowa 2005), we imposed an eighteen-month suspension for violations that included neglect of probate matters and taking fees without a proper accounting. In *Iowa Supreme Court Board of Professional Ethics & Conduct v. D'Angelo*, 619 N.W.2d 333, 339 (Iowa 2000), we imposed a three-year suspension for misconduct that included neglect, accepting fees without court authorization, and misrepresentation.

Additionally, we consider a prior public reprimand to be an aggravating factor in the imposition of discipline. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Pracht*, 656 N.W.2d 123, 126 (Iowa 2003). Harm to a client is also an aggravating factor. *Hohenadel*, 634 N.W.2d at 656. On the other hand, we recognize Van Beek was fighting depression and alcoholism during the time period of her unethical conduct. The depression

and alcoholism likely contributed to her misconduct and are considered in mitigation of sanctions. *See Sullins*, 648 N.W.2d at 135.

We observe Van Beek has also been under a disability suspension and has not practiced law for nearly two years. Yet, this type of suspension is not a sanction. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Maxwell*, 705 N.W.2d 477, 480–81 (Iowa 2005). Notwithstanding the existence of a disability suspension, it is necessary to discipline Van Beek for her unethical conduct independent of a previous finding of her unfitness to practice law. *Id.*

Considering all the circumstances, we conclude Van Beek should be suspended from the practice of law with no possibility of reinstatement for two years. This disposition fits the multiple instances of serious misconduct and properly considers Van Beek's struggle with depression and alcoholism that contributed to her misconduct. The conditions of reinstatement urged by the Commission are reasonable and will be considered by us upon any application for reinstatement by Van Beek.

## VI. Conclusion.

We suspend Van Beek's license to practice law in Iowa indefinitely, with no possibility of reinstatement for a period of two years from the date of filing of this opinion. The suspension imposed applies to all facets of the practice of law as provided by Iowa Court Rule 35.12(3) and requires notification to clients as provided by Iowa Court Rule 35.21. The costs of this proceeding are taxed against Van Beek pursuant to Iowa Court Rule 35.25(1).

**LICENSE SUSPENDED.**

All justices concur except Ternus, C.J., and Wiggins, J., who take no part.