IOWA SUPREME COURT BOARD OF
PROFESSIONAL ETHICS AND
CONDUCT, Complainant,

v.

N. Leroy WALTERS, Respondent.

No. 01–2019.

Supreme Court of Iowa.

June 12, 2002.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

N. LeRoy Walters, Mason City, pro se, for respondent.

CADY, Justice.

This case is before us on a report of a division of the Iowa Supreme Court Grievance Commission. The Commission found N. Leroy Walters violated the Iowa Code of Professional Responsibility by neglecting client matters, engaging in misrepresentation, and failing to respond to inquiries from the Iowa Supreme Court Board of Professional Ethics and Conduct. It also found Walters violated a supreme court rule by failing to notify a client of his suspension from the practice of law and practicing law during a period of suspen-

sion. The Commission recommended Walters be suspended for a period not less than six months. Upon our consideration of the matter, we find Walters violated the Code of Professional Responsibility, and we suspend his license to practice law for a period not to exceed eighteen months.

## I. Commission Report.

N. Leroy Walters has practiced law in Mason City, Iowa, since 1965, except for a short period of time when he worked as a real estate agent in Minneapolis, Minnesota, following the death of his wife in 1989. His career has been marked by both success and tragedy. For many years, he maintained a successful practice in a large law firm in Mason City. In 1999, his license to practice law was suspended for a period not less than three months.

In May 1996, Walters agreed to represent JoAnn Rock in an action to modify a decree for dissolution of marriage. Rock sought to modify the child support provisions of the decree. Walters prepared a petition for modification and Rock signed it on May 23, 1996.

Unbeknownst to Rock, Walters never filed the petition. Instead, over the next four years, Walters fabricated a series of excuses and tall tales to cover up his failure to file the petition. In doing so, Walters repeatedly misrepresented the status of the case in response to inquiries by Rock. Additionally, in November 1999, Walters prepared an amended petition for modification, which was signed by Rock. Yet, as with the first petition, Walters did not file it with the clerk of court.

In April 2002 Rock contacted the local child support recovery office to inquire about the status of her modification case. She was told by an attorney in the office that Walters' license to practice law had been suspended in December 1999 and that the clerk of court had no record of the petition for modification. Rock then contacted another lawyer who verified that the petition for modification had never been filed.

Walters did not send Rock written notice that his license to practice law had been suspended on December 22, 1999. Instead, he continued to communicate with her after his suspension by continuing to fabricate reasons for the failure of the modification petition to come before the court.

Walters did not respond to inquiries by the Board after a complaint was filed against him. He did seek additional time to respond to the complaint and other inquiries, but ultimately failed to do so.

Walters offered a variety of reasons and excuses at the hearing before the Commission for his failure to file the modification petition. In particular, Walters testified that he felt a modification proceeding could jeopardize the relationship between Rock and her children, and Rock agreed the petition should not be filed. Yet, as with the other excuses Walters offered for his actions, this excuse was inconsistent with the other evidence offered at the hearing. The Commission did not find Walters' testimony to be credible.

The Commission found Walters committed misconduct by neglecting client matters, engaging in misrepresentation, failing to zealously represent a client, failing to notify a client of his suspension, practicing law during his suspension, and failing to respond to inquiries of the Board. *See* Iowa Ct. R. 35.21(1)(a) (attorney must notify clients of suspension in writing); DR 6–101(A)(3) (neglect of client matters); DR 1–102(A)(4), (5), (6) (misrepresentation, conduct prejudicial to the administration of justice, conduct that adversely reflects on the practice of law); DR 7–101(A)(1) (intentional failure to seek lawful objectives

of a client). The Commission recommended Walters be suspended from the practice of law for not less than six months.

## II. Scope of Review.

■■■ Our scope of review is well established. We review attorney disciplinary proceedings de novo. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Mulford*, 625 N.W.2d 672, 679 (Iowa 2001). We are not bound by the findings of the Commission, but we do give them weight. *Id.* "We also respectfully consider the discipline recommended by the Commission, but we are not bound by [it]." *Id.* The Board has the burden to prove "disciplinary violations by a 'convincing preponderance of the evidence.'" *Id.* (citation omitted).

## III. Violations.

■■■ The evidence presented at the Commission's hearing revealed Walters violated the Iowa Code of Professional Responsibility. Walters not only neglected a client matter for nearly four years, but compounded the neglect by engaging in repeated acts of misrepresentation in an effort to hide his misconduct. His actions were intentional and deceitful. Moreover, the justifications he offered at the hearing for his heedless behavior were not credible and only confirmed his deceit. The neglect was comprehensive and continuing, and a product of an intent and design to ignore the interests of his client. The neglect violated DR 6–101(A)(3), as well as DR 7–101(A)(1). The misrepresentation violated DR 1–102(A)(4), (5), and (6).

One obligation imposed on a lawyer who has been disbarred or suspended from the practice of law is to notify clients "in all pending matters to seek legal advice elsewhere." Iowa Ct. R. 35.21(1)(a). Walters maintained an attorney-client relationship with Rock at the time of his suspension on December 22, 1999, and was obligated to perform legal services for her. Consequently, Walters had an obligation under rule 35.21(1)(a) to notify Rock of his suspension and failed to do so. This violated DR 1–102(A)(5) and (6). Similarly, Walters continued to maintain his attorney-client relationship with Rock following his suspension from the practice of law and continued to deceive her in his discussions about the status of the case. This conduct also violated DR 1–102(A)(4), (5), and (6).

Walters also failed to respond to inquiries by the Board. Although Walters requested additional time to respond, he failed to respond after making the requests. This conduct violated DR 1–102(A)(5). *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Engelhardt*, 630 N.W.2d 810, 814 (Iowa 2001).

## IV. Discipline.

■■■ "In determining the appropriate discipline, we consider 'the nature of the alleged violations, the need for deterrence, protection of the public, maintenance of the reputation of the [bar] as a whole, and the respondent's fitness to continue'" to practice law. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Hohenadel*, 634 N.W.2d 652, 655 (Iowa 2001) (citations omitted). We also consider any aggravating and mitigating circumstances. *Id.* Multiple instances of neglect and past disciplinary action, as well as uncooperativeness with the Board, are aggravating circumstances to consider in imposing discipline. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Jay*, 606 N.W.2d 1, 4 (Iowa 2000). Harm to a client is also considered. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Wagner*, 599 N.W.2d 721, 730 (Iowa 1999).

We do not recognize a "standard discipline for a[ny] particular type of attorney misconduct." *Hohenadel*, 634 N.W.2d at

655. Yet, a review of our prior cases reveals that the discipline resulting from the neglect of client matters "'generally ranges from a public reprimand to a six-month suspension.'" *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Grotewold,* 642 N.W.2d 288, 294 (Iowa 2002) (quoting *Hohenadel,* 634 N.W.2d at 655). On the other hand, misrepresentation typically warrants more severe sanctions. *Id.; Hohenadel,* 634 N.W.2d at 655–56. Considering the importance of honesty to the practice of law, we have stated that misrepresentation by a lawyer "constitutes a grave and serious breach of professional ethics" and usually warrants a "lengthy suspension." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Stein,* 603 N.W.2d 574, 576 (Iowa 1999).

In this case, there are numerous violations, most of which, alone, would warrant a suspension. What began as a case of neglect was transformed into a serious case of misrepresentation, which only perpetuated and exacerbated the initial misconduct. The seriousness of the neglect and misrepresentation was then compounded when Walters continued to practice law following his suspension and failed to consider the interests of the client by neglecting to give notice to the client of the suspension. At each stage of the attorney-client relationship, Walters abdicated his fundamental responsibilities as a lawyer and blatantly disregarded the interests of his client. The actions of Walters may have visited serious consequences on the client and denigrated the profession. Rock was denied access to our courts for nearly four years. The resulting tarnish to the profession touches equally fundamental precepts.

We think the conduct engaged in by Walters supports a suspension for a minimum period of eighteen months. This discipline conforms to the prior discipline we have imposed in cases of neglect and misrepresentation, and considers the additional violations and aggravating circumstances that are an unfortunate aspect of this case.

## V. Conclusion.

We suspend Walters' license to practice law with no possibility of reinstatement for a period of eighteen months from the date of the filing of this opinion. The suspension imposed applies to all facets of the practice of law. Iowa Ct. R. 35.12(3). Upon application for reinstatement, Walters shall have the burden to prove that he has not practiced law during the period of suspension and that he meets the requirements of Iowa Court Rule 35.13. Costs of this action shall be taxed to Walters pursuant to Iowa Court Rule 35.25(1).

**LICENSE SUSPENDED.**