IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,

v.

Mary Ellen KENNEDY, Respondent.

No. 04–0394.

Supreme Court of Iowa.

July 21, 2004.

Norman G. Bastemeyer and David J. Grace, Des Moines, for complainant.

Max E. Kirk of Ball, Kirk & Holm, P.C., Waterloo, for respondent.

CADY, Justice.

The Iowa Supreme Court Board of Professional Ethics and Conduct charged Mary Kennedy with numerous violations of the Iowa Code of Professional Responsibility for Lawyers based on her conduct in representing three separate clients. The Grievance Commission of the Supreme Court of Iowa found Kennedy violated the Code of Professional Responsibility. It recommended that she receive a public reprimand. Upon our review, we find Kennedy violated the Code of Professional Responsibility and impose a suspension of not less than sixty days.

## I. Background Facts and Proceedings.

Mary Kennedy practices law in Waterloo, Iowa. She was admitted to the practice of law in Iowa in 1993. Prior to beginning her career as a lawyer, she worked first as a cosmetologist and later with the Department of Human Services for twenty years. Kennedy attended college and law school during this time and was a single parent. She primarily practices in the area of fami-

ly law, but is also active in juvenile and mental health cases. She has a professional reputation as being knowledgeable and skillful in her work.

Three separate complaints were filed with the Board by clients of Kennedy, which gave rise to this proceeding. In one matter, Kennedy represented Jeffrey Baker in a postconviction relief proceeding. The proceeding was filed in 2001, and Baker was incarcerated throughout the course of the case. Kennedy failed to perform numerous essential services on behalf of Baker. She failed to recast the petition as ordered by the district court, failed to prepare for the hearing, and failed to respond to numerous letters from her client. After successfully moving to continue the hearing on several occasions, Kennedy agreed to submit the case to the district court without evidence. She did not obtain Baker's consent to do this. Although the client requested to be present at the hearing, Kennedy never sought an order from the district court to have Baker transported to the hearing and never notified Baker of the date of the hearing. Following the hearing, Kennedy failed to file a brief as directed by the district court and later failed to respond to an inquiry by the district court concerning the absence of the brief. Ultimately, the district court removed Kennedy from the case and appointed new counsel.

In another matter, Kennedy agreed to represent JoAnn Carr in March 2002 for the purpose of establishing a voluntary guardianship on behalf of her granddaughter. Carr had physical custody of the granddaughter and had been her caretaker for many years. Kennedy charged a flat fee of $250 for her services, which Carr paid in July 2002. Kennedy did not deposit the fee in her trust account. Kennedy had prepared the petition and other necessary documents by this time, but never

filed the petition or secured an order establishing the guardianship. Carr made several inquiries about the status of the case after the fee was paid, but Kennedy failed to respond. Kennedy claimed she did not promptly file the petition because she was waiting for one of the child's parents to forward a written consent to the guardianship to her. She further claimed she did not file the petition after the consent was received because Carr had filed a complaint with the Board. Kennedy failed to respond to the Board inquiry of the complaint.

In the remaining matter, Kennedy agreed to represent Connie Rau for the purpose of establishing a guardianship on behalf of her grandson. Rau was a South Dakota resident and the grandson was involved in a juvenile proceeding in Waterloo. Kennedy charged a flat fee of $250, and Rau paid the fee. Kennedy did not deposit the fee in her trust account. Kennedy also never filed the petition to establish the guardianship. She decided to first seek directions from the juvenile court before filing the petition. This delayed matters, and the client eventually employed another lawyer in South Dakota to set up the guardianship. Kennedy never returned the fee or made an accounting. She also failed to respond to the Board inquiry into the matter.

Kennedy has had no prior disciplinary actions against her. Following the filing of the complaints, she hired a bookkeeper to handle her office finances and reduced her caseload. She has also sought counseling.

## II. Board Complaint.

The Board charged Kennedy with numerous violations of the Code of Professional Responsibility. It claimed Kennedy, in all three cases, violated DR 6–101(A)(3) (neglect of a client's legal matter) and DR 7–101 (failing to zealously represent a client). It also claimed Kennedy violated DR 1–102(A)(5) (conduct prejudicial to the administration of justice) and (6) (conduct adversely reflecting on fitness to practice law) by failing to cooperate with the ethics investigations in the Carr and Rau cases and by failing to properly pursue the interests of her clients in all the cases. It additionally claimed Kennedy violated DR 9–102(A) (trust account provisions) and (B) (accounting of fees) by failing to deposit fees into her trust account in the Carr and Rau cases and failing to account for the fees.

The Commission found the Board established that Kennedy committed neglect in the Baker case and did not zealously represent Baker. Additionally, it found this conduct was prejudicial to the administration of justice and adversely reflected on her fitness to practice law. In the Carr and Rau cases, the Commission found the Board established that Kennedy violated the trust account provisions, failed to make an accounting of fees, and failed to cooperate with the Board inquiry. It recommended Kennedy receive a public reprimand.

## III. Scope of Review.

We review attorney disciplinary matters de novo. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Bernard*, 653 N.W.2d 373, 375 (Iowa 2002). We give weight to the findings of the Commission, but the findings are not binding on us. *Id.*

## IV. Violations.

### A. *Neglect.*

We generally define professional neglect "to involve indifference and a consistent failure to perform those obligations that a lawyer has assumed, or a conscious disregard for the responsibilities a lawyer

owes to a client." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Moorman,* 683 N.W.2d 549, 551 (Iowa 2004) (citation omitted). It is more than negligence, and normally involves more than a single act or omission. *Id.* at 552 (citations omitted). It can also involve procrastination.

■ Kennedy neglected her professional obligations in the Baker case. She did little to prepare the case for hearing and did less to involve her client in the process. Additionally, she failed to comply with court directives. Kennedy also neglected client matters in the Carr case. She failed to promptly file the petition for guardianship after receiving the necessary supporting documents and continued her neglect despite numerous attempts by the client to contact her and inquire about the case. The neglect continued even after the client filed a complaint with the Board. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Kallsen,* 670 N.W.2d 161, 167 (Iowa 2003) (attorney has ethical duty to protect the interests of a client until withdrawal from the case or until the client has secured other representation). We agree with the Board that Kennedy did not commit neglect in the Rau case. She had legitimate concerns that needed to be addressed and these concerns justified her delay in filing the guardianship petition.

We conclude Kennedy committed neglect in violation of DR 6–101(A)(3). This conduct also violates DR 7–101 and DR 1–102(A)(5) and (6).

### B. *Client Funds.*

■ Our prior cases have made it clear that a flat fee for performing a specific legal service constitutes a special retainer and, when paid in advance of completing the service, "must be deposited in a client trust account." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Frerichs,* 671 N.W.2d 470, 476 (Iowa 2003); *accord Iowa Supreme Ct. Bd. of Prof'l Ethics &*

*Conduct v. Apland,* 577 N.W.2d 50, 55–56 (Iowa 1998). The full fee is not earned until the service is performed. *Frerichs,* 671 N.W.2d at 476.

■ In the Carr and Rau cases, Kennedy charged a flat fee for a specific service and was paid the fee by the client prior to the time the services were completed. Consequently, Kennedy was obligated to deposit the fees into her trust account. Her argument that the services she agreed to perform were almost complete is no defense. We explained the shortcomings of this argument in *Frerichs. See id.* Until services are complete, it is possible that at least a portion of the fee "would need to be refunded to the client in the event the attorney-client relationship is terminated before the services were rendered." *Id.* The wisdom of this rationale is clearly evident in this case. We find Kennedy failed to place client funds into a trust account in violation of DR 9–102(A). She also failed to render an accounting of the fees and to deliver unearned funds to a client in violation of DR 9–102(B).

### C. *Failure to Cooperate.*

■ We have repeatedly emphasized how important it is for an attorney to cooperate with disciplinary authorities when a complaint has been filed against the attorney. *See Comm. on Prof'l Ethics & Conduct v. Horn,* 379 N.W.2d 6, 8–9 (Iowa 1985). Moreover, the failure to cooperate constitutes a violation of DR 1–102(A)(5) and (6). *See id.; Comm. on Prof'l Ethics & Conduct v. Pracht,* 505 N.W.2d 196, 199 (Iowa 1993). An attorney who ignores Board inquiries only exacerbates matters. Kennedy ignored several notices and letters from the Board and provided incomplete information. We conclude she violated DR 1–102(A)(5) and (6).

## V. Discipline.

We have articulated several general principles to determine the appropriate level of discipline in attorney disciplinary cases. Generally, we focus on " ' "the nature of the alleged violations, the need for deterrence, protection of the public, maintenance of the reputation of the [bar] as a whole, and the respondent's fitness to continue" ' to practice law." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Walters,* 646 N.W.2d 111, 113 (Iowa 2002) (citation omitted). "We also consider any aggravating and mitigating circumstances." *Id.* (citation omitted). Multiple instances of past disciplinary action is an aggravating circumstance. *Id.* (citation omitted).In the end, however, the discipline imposed is based on the facts of each case. *Frerichs,* 671 N.W.2d at 478. Nevertheless, prior similar cases can provide an important guideline. *See id.*

The unethical behavior in this case essentially involved neglect, trust account and accounting violations, and failure to cooperate. We have been presented with similar circumstances in prior cases, generally resulting in suspensions from the practice of law for periods of time between three and four months. In *Iowa Supreme Court Board of Professional Ethics and Conduct v. Adams,* 623 N.W.2d 815, 818–19 (Iowa 2001), we imposed a three-month suspension for neglect, failure to deposit a fee into a trust account, failure to account for client property, and misrepresentation to the client in an effort to cover up the neglect. In *Frerichs,* we imposed a four-month suspension for neglect, an illegal fee accompanied by a trust account violation, failure to provide an accounting, and failure to cooperate. 671 N.W.2d at 477. In both *Frerichs* and *Adams,* the attorneys either had received a prior admonition concerning similar conduct or a prior reprimand. *Frerichs,* 671 N.W.2d at 478; *Adams,* 623 N.W.2d at 819; *see also Kall-sen,* 670 N.W.2d at 166–68 (three-month suspension based on neglect, failure to make accounting, and failure to cooperate).

Based primarily on the lack of any prior disciplinary action against Kennedy, we conclude a sixty-day suspension is warranted in this case. This discipline is consistent with our prior cases in the area and the relevant factors we consider and is supported by the particular circumstances involved in the case. In particular, Kennedy has taken steps to eliminate the problems underlying this case and we need not be overly concerned with her fitness to practice law following the period of suspension. Additionally, the two-month suspension imposed will serve to deter other attorneys and to maintain the reputation of the bar as a whole.

We suspend Kennedy's license to practice law for a period of sixty days from the date of this opinion. She is eligible for reinstatement on the day following the expiration of the sixty-day period unless action is taken to deny reinstatement as provided by Iowa Court Rule 35.12(2). In addition, as a condition of reinstatement, Kennedy must confirm that she has accounted to Carr and Rau for the advance fees paid to her and that she has refunded any unearned fees. The suspension applies to all facets of the practice of law as provided in Iowa Court Rule 35.12(3) and requires notification of clients as required in Iowa Court Rule 35.21. Costs are assessed against Kennedy, and reinstatement shall not take place until the costs are paid. Iowa Ct. Rs. 35.25, 35.12(2).

**LICENSE SUSPENDED.**

All justices concur except LARSON, J., who takes no part.