# IN THE SUPREME COURT OF IOWA

No. 145 / 07-0777

Filed March 28, 2008

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD**,

Complainant,

vs.

**BRANDON ADAMS**,

Respondent.

On review from the report of the Grievance Commission.

Grievance Commission reports respondent has committed ethical misconduct and recommends a three-month suspension. **LICENSE SUSPENDED.**

Charles L. Harrington and Elizabeth E. Quinlan, Des Moines, for complainant.

Brandon Adams, Waterloo, pro se.

**CADY, Justice.**

The Iowa Supreme Court Attorney Disciplinary Board charged Brandon Adams with numerous violations of the Iowa Code of Professional Responsibility for Lawyers and the Iowa Rules of Professional Conduct, mainly predicated on his neglect and inattention to client matters in several cases. The Grievance Commission of the Supreme Court of Iowa found Adams violated the Code of Professional Responsibility and the Iowa Rules of Professional Conduct. It recommended Adams be suspended from the practice of law for a period not less than three months. On our review, we find Adams violated the codes of professional conduct, and we impose an indefinite suspension of not less than four months.

## I. Background Facts and Proceedings.

Brandon Adams is an Iowa lawyer. He practices law as a sole practitioner in Waterloo. Adams was admitted to the practice of law in Iowa in 2000. He worked for one year after graduation from law school as a public defender in Kansas and was employed by two law firms in Waterloo from 2000 to 2003, before opening his own law office. He is married and supports four children. Adams is thirty-three years old. He has participated in the volunteer lawyer project by providing free legal services to the needy.

The board filed a five-count complaint against Adams on January 10, 2007. The complaint centered on claims of neglect and lack of diligence in representing clients, client misrepresentation, failure to make an accounting, and failure to timely respond to requests for information by the board. The neglect resulted in the dismissal of two appeals for lack of prosecution, and the lack of diligence resulted in the

arrest and incarceration of a client for failure to appear at a court hearing in a criminal case.

Adams failed to respond to the complaint and failed to answer requests for admissions submitted by the board. As a result, the commission deemed the allegations of the complaint and the request for admissions to be admitted. It nevertheless permitted Adams to submit exhibits and evidence at the hearing.

At the hearing, Adams offered evidence to both excuse and mitigate his conduct. He testified he was unable to perform legal services at times due to debilitating migraine headaches. He also had other ongoing personal matters that would interfere with his work, including bouts with depression. Additionally, Adams lacked financial resources to purchase legal research tools to help perform legal services. At times, he employed inexperienced legal assistants who hampered communications with clients due to clerical errors. He was unable to locate billing records due to a change in his office computer system.

Adams has a history of prior discipline. He was privately reprimanded by the board in 2003 for inflating a claim for legal services. He received a public reprimand in 2004 for altering a copy of a decision by an administrative law judge before sending it to his client by deleting a sentence stating he failed to file a brief in the case. He was temporarily suspended on two occasions in 2005 for failing to respond to board complaints and for not complying with client security regulations. He was publicly reprimanded in January 2007 for neglect of a client matter by failing to file a posttrial motion in a criminal case.

The commission found the board established the violations as set forth in the five-count complaint. It found Adams' conduct violated DR 6–101(A)(3) (neglect), DR 7–101(B)(3) (prejudice to client), DR 1–

102(A)(5) (prejudice to administration of justice), DR 1–102(A)(6) (fitness to practice), DR 9–102(B)(3) (render accounting), DR 1–102(A)(4) (misrepresentation), DR 9–102(B)(4) (deliver client funds), Iowa Rule of Professional Conduct 32:1.3 (act with diligence and promptness in representing a client), and Iowa Rule of Professional Conduct 32:8.1(b) (respond to demand for information from disciplinary authority).[1]  It recommended Adams be suspended from the practice of law for a period not less than three months.  It also recommended that Adams be ordered to return retainers and fees to three of his former clients involved in the complaints.

Adams appealed the report of the commission.  However, the appeal was subsequently dismissed based on his failure to prosecute, and the case proceeded as a review of a commission report under Iowa Court Rule 35.10.  *See* Iowa Ct. R. 35.11(3).

## II.  Scope of Review.

We review attorney disciplinary proceedings de novo.  *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Bernard*, 653 N.W.2d 373, 375 (Iowa 2002).  We are not bound by the commission's findings, but give them weight.  *Id.*

## III.  Pretrial Sanction.

An appeal filed by an attorney from a grievance commission report allows the attorney to identify and argue specific claims of error in the commission proceedings.  However, when an appeal is dismissed for lack of prosecution, the case proceeds to de novo review on the record before the commission without argument, "as if no appeal had been taken." Iowa Ct. R. 35.11(3).

---

[1]The violations that occurred after July 1, 2005 are subject to the Iowa Rules of Professional Conduct, chapter 32.

Our de novo review of the record before the commission reveals no error in the procedure used at the hearing. The allegations of the complaint and the commission's request for information were deemed admitted based on Adams' failure to respond. Iowa Ct. R. 36.7 (stating, if respondent fails to file a timely answer, "the allegations of the complaint shall be considered admitted"); *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Moonen*, 706 N.W.2d 391, 396 (Iowa 2005) (citing Iowa R. Civ. P. 1.510(2)). While this action relieved the board of its burden to submit evidence and present testimony to establish the allegations in the complaint, Adams was not deprived of an opportunity to present evidence to contest the complaint. Moreover, Adams did not object to the procedure adopted by the commission and testified at length at the hearing about each complaint. He also did not object to the exhibits offered as evidence at the hearing by the board.

**IV. Violations.**

The violations found by the commission were established by the evidence. Generally, Adams neglected client matters by failing to advance their interests after agreeing to represent them. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Moorman*, 683 N.W.2d 549, 551–52 (Iowa 2004). In particular, he neglected two client matters by failing to comply with appellate deadlines. *See id.* at 552. Adams also failed to diligently represent the interests of a third client by failing to appear at an arraignment on behalf of his client or by failing to file a written plea prior to the arraignment. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Kallsen*, 670 N.W.2d 161, 167 (Iowa 2002) (finding neglect based on attorney's failure to appear). His conduct violated Iowa Rule of Professional Conduct 32:1.3. It also resulted in the arrest and incarceration of the client. The record further reveals Adams

misrepresented the status of a case to a client after the case had been dismissed for his failure to comply with deadlines. The record demonstrates an intent to deceive the client. *See Moorman*, 683 N.W.2d at 553. Adams also failed to render an accounting to a client. *See* DR 9–102(B)(3). Finally, he failed to respond to board demands for information. *See* Iowa R. Prof'l Conduct 32:8.1(b).

## V. Discipline.

To determine the appropriate level of discipline for violating a rule of professional conduct, we focus primarily on the nature of the violation, the need for deterrence, the need to protect the public, the need to maintain the reputation of the profession as a whole, and the attorney's fitness to continue to practice law. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Walters*, 646 N.W.2d 111, 113–14 (Iowa 2002). We consider all aggravating and mitigating circumstances. *Id.* Multiple instances of past disciplinary action are an aggravating circumstance. *Id.* Harm to a client is also an aggravating circumstance. *Id.* In the end, the discipline imposed is based on the facts of each case. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Frerichs*, 671 N.W.2d 470, 478 (Iowa 2003).

Our review of prior cases reveals that the discipline imposed for neglect typically "ranges from a public reprimand to a six-month suspension." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Hohenadel*, 634 N.W.2d 652, 655–56 (Iowa 2002). Misrepresentation to a client can be a frequent companion of client neglect and can support a higher range of discipline. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Adams*, 623 N.W.2d 815, 819 (Iowa 2001). The failure to render an accounting is an additional form of neglect by an attorney and compounds the discipline.

Adams suggests his migraine headaches and depression should be considered in mitigation of discipline. We recognize these conditions are mitigating factors in the imposition of discipline. *See Frerichs*, 671 N.W.2d at 477.

Considering all the relevant facts and circumstances, we conclude Adams should be indefinitely suspended from the practice of law with no possibility of reinstatement for four months. Adams has not only established himself in his relatively short professional career as a lawyer who lacks diligence and professionalism in dealing with client matters, but he has also shown himself to be a lawyer who is willing to misrepresent the truth in an effort to hide his neglect and inattention. His actions and conduct have inflicted harm on his clients and the profession as a whole.

We are sympathetic to the struggles Adams has endured with migraine headaches and depression. Yet, his depression admittedly surfaced after most of his violations occurred, and Adams failed to turn to others for help in his practice to protect the interests of his clients when he was unable to perform needed services due to his migraine headaches. Considering his past conduct and record as a whole, his medical condition has not been the central cause of his problems.

## VI. Conclusion.

We suspend Adams license to practice law with no possibility of reinstatement for a period not less than four months from the date of the filing of this opinion. The suspension imposed applies to all facets of the practice of law, as provided by Iowa Court Rule 35.12(3). On application for reinstatement, Adams shall have the burden to prove he has not practiced during the period of suspension and that he meets all the requirements of Iowa Court Rule 35.13. As a condition of reinstatement,

Adams shall make restitution of fees and retainers as recommended in the commission report, and shall submit a written medical certification that he is fit to practice law. The costs of this action shall be taxed to Adams pursuant to rule 35.25(1).

**LICENSE SUSPENDED.**