# IN THE SUPREME COURT OF IOWA

No. 10–1756

Filed February 25, 2011

**IOWA SUPREME COURT ATTORNEY
DISCIPLINARY BOARD,**

     Complainant,

vs.

**JAMES STEPHEN CONROY,**

     Respondent.

On review of the report of the Grievance Commission of the Supreme Court of Iowa.

Grievance commission recommends a six-month suspension of attorney's license to practice law and that, prior to reinstatement of the attorney's license, attorney be required to provide a certification in writing from a physician or mental health professional verifying attorney's fitness to practice law. **LICENSE SUSPENDED.**

Charles L. Harrington and David J. Grace, Des Moines, for complainant.

James Conroy, Mount Vernon, pro se.

**APPEL, Justice.**

In this case, the Iowa Supreme Court Attorney Disciplinary Board filed charges against attorney James Conroy alleging multiple violations of the rules of professional conduct. The Grievance Commission of the Supreme Court of Iowa found that the board had established a number of violations and recommended that Conroy's license to practice law be suspended for six months. The commission further recommended that, prior to reinstatement of his license to practice law, Conroy be required to provide a certification from a physician or mental health professional verifying that he is capable of practicing law.

## I. Facts and Procedural Background.

The board filed a two-count complaint against Conroy in June 2010. Count I related to alleged ethical violations in connection with Conroy's representation of Billy Sanders, while Count II related to Conroy's representation of Jerry Donnell.

In Count I, the board alleged that Conroy: (1) failed to maintain books and records sufficient to demonstrate compliance with trust account requirements, (2) did not furnish a timely and complete accounting regarding earned fees, (3) ceased returning Sanders's telephone calls and lost communication with Sanders, and (4) failed to respond to the board's request for information and documents. The board asserted that Conroy's alleged conduct violated Iowa Rules of Professional Conduct 32:1.1 (competence); 32:1.3 (diligence); 32:1.4 (communication); 32:1.15 (safekeeping property); 32:1.16(d) (declining or terminating representation); 32:8.1 (failure to respond); 32:8.4(a), (d) (violation of ethical rules and conduct prejudicial to the administration of justice); and the Client Trust Account Rules 45.2(2) (action required upon receiving of funds), and 45.7 (advance fee and expense payments).

In Count II, the board alleged that Conroy: (1) failed to maintain books and records sufficient to demonstrate compliance with trust account requirements, (2) neglected Donnell's legal matters and did not communicate adequately with him, (3) received $6100 in insurance proceeds for damage to Donnell's house but did not forward the proceeds to Donnell,[1] (4) failed to furnish Donnell a timely and complete accounting regarding earned fees, (5) failed to turn over requested files to Donnell upon request, and (6) did not respond to a letter from the board requesting information and documents. The board asserted that this conduct violated the same rules as those violated in Count I.

Other than filing a personal appearance, Conroy failed to respond to the board's complaint or respond to its discovery requests. As a result of his failure to respond, this court entered an order temporarily suspending Conroy's license to practice law in September 2010. Conroy's license remains under temporary suspension.

Further, the board filed a motion to limit the scope of the commission hearing to the issue of sanctions in light of Conroy's failure to respond. The commission sustained the motion. The board also withdrew its allegation that Conroy violated rule 32:1.1 (competence).

At the hearing on sanctions, Conroy testified he had voluntarily ceased the practice of law. He stated that as a solo practitioner he had personal family problems and felt overwhelmed with his work. Conroy denied alcohol, drug, or gambling-related issues. He stated that he had not been diagnosed as having depression and that, because his personal

---

[1]The board did not allege that Conroy converted the funds for his own use. A conversion of settlement funds for personal use would be a serious violation of our disciplinary rules. *See* Iowa Ct. R. 32:8.4(c); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Allen*, 586 N.W.2d 383, 389 (Iowa 1998) (observing that "[w]ith some exceptions, this court has consistently revoked a lawyer's license for converting client funds").

issues were behind him, therapy was unnecessary. He explained that if he practices law again he would ensure that he had mechanisms in place, such as hiring staff or having a relationship with another attorney, to make certain that he does not get overwhelmed again.

The commission found that Conroy had violated various disciplinary rules and recommended that his license be suspended for six months. The commission also recommended that Conroy be required to certify his fitness to practice law from a qualified physician or mental health professional before reinstatement of his license.

## II. Standard of Review.

Our standard of review of commission findings is de novo. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Johnson*, 792 N.W.2d 674, 677 (Iowa 2010). The board bears the burden of proving attorney misconduct by a "convincing preponderance of the evidence." *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Earley*, 774 N.W.2d 301, 304 (Iowa 2009). Although this burden is less demanding than proof beyond a reasonable doubt, it requires a greater showing than the preponderance-of-the-evidence standard. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Lett*, 674 N.W.2d 139, 142 (Iowa 2004). The Iowa Supreme Court is not bound by the findings and recommendations of the commission, but "the commission's findings and recommendations are given respectful consideration." *Earley*, 774 N.W.2d at 304.

## III. Discussion.

At the outset, we note that the allegations of an ethics complaint are deemed admitted if the respondent fails to answer within the specified time. Iowa Ct. R. 36.7. As a result, the commission properly found that the allegations of the complaint were deemed admitted. *See id.* We thus proceed to the issue of sanctions.

Once misconduct is shown, we may impose a harsher or more lenient sanction than that recommended by the commission. Iowa Ct. R. 35.10(1); *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Humphrey*, 738 N.W.2d 617, 618–19 (Iowa 2007). While there is no standard sanction associated with a particular type of misconduct, "prior cases can be instructive." *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Ackerman*, 786 N.W.2d 491, 497 (Iowa 2010). In determining the appropriate sanction, the court weighs the aggravating and mitigating circumstances and considers "the nature of the violations, the need for deterrence, protection of the public, maintenance of the reputation of the Bar as a whole, and the violator's fitness to continue to practice law." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Ramey*, 639 N.W.2d 243, 245 (Iowa 2002).

We begin our analysis with a review of similar disciplinary cases. In *Iowa Supreme Court Board of Professional Ethics & Conduct v. Kennedy*, 684 N.W.2d 256, 260–61 (Iowa 2004), the court found that the attorney had neglected her clients, engaged in client fund account violations, and failed to cooperate with disciplinary authorities. The court noted that the attorney did not have prior disciplinary action brought against her and that the attorney had taken steps to correct the problems underlying the case. *Kennedy*, 684 N.W.2d at 261. Based on these facts, the court concluded that a sixty-day suspension was appropriate. *Id.*

We imposed a slightly longer suspension in *Iowa Supreme Court Board of Professional Ethics & Conduct v. Adams*, 623 N.W.2d 815 (Iowa 2001). In *Adams,* the attorney failed to complete work he had undertaken, made multiple misrepresentations to his clients, failed to keep proper accounting records, and failed to return client files. 623

N.W.2d at 818. As aggravating factors, the court noted that the attorney was deceitful and had a prior reprimand. *Id.* at 819. The court also found mitigating factors, including the admission of wrongdoing and cooperation with the disciplinary process. *Id.* The court imposed a three-month suspension. *Id.*

Finally, in *Iowa Supreme Court Board of Professional Ethics & Conduct v. Kallsen*, 670 N.W.2d 161, 166–67 (Iowa 2003), the court considered the appropriate sanctions for an attorney who was found to have committed neglect, failed to render appropriate accounts, failed to properly pay a client upon request, and failed to cooperate with disciplinary authorities. The court imposed a three-month suspension, noting that the attorney was no longer engaged in the practice of law. *Kallsen*, 670 N.W.2d at 168.

Upon our review of these cases and the record in this case, we conclude that a sixty-day suspension is adequate. In this case, Conroy voluntarily ceased the practice of law and had received no disciplinary sanctions prior to the commencement of the proceedings. Our cases establish that voluntarily ceasing the practice of law and lack of prior discipline are mitigating factors. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Lickiss*, 786 N.W.2d 860, 871 (Iowa 2010); *Kennedy*, 684 N.W.2d at 261; *Kallsen*, 670 N.W.2d at 168. While Conroy, at the outset, failed to cooperate with the board, his ongoing five-month temporary suspension as a result of this default is an adequate punishment for this infraction. *See Lickiss*, 786 N.W.2d at 870 (holding that the attorney's four-month temporary suspension for noncooperation was adequate discipline for a violation of rule 32:8.1(b)).

With respect to the commission's requirement that Conroy submit a certification of his fitness to practice law, Conroy testified that external

proof of his fitness to practice law under the circumstances of his case "seems a reasonable request." We agree. Prior to reinstatement, Conroy must provide this court with an evaluation from a licensed health care professional verifying his fitness to practice law. Before the evaluation, Conroy must submit the name of the proposed evaluator and the nature of the proposed evaluation to the board for approval. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Joy*, 728 N.W.2d 806, 816 (Iowa 2007).

## IV. Conclusion.

For the above reasons, we suspend Conroy's license to practice law in this state indefinitely with no possibility of reinstatement for sixty days from the date of the filing of this opinion. This suspension applies to all facets of the practice of law as provided in Iowa Court Rule 35.12(3). Within forty days of the suspension, Conroy must provide this court with a board-approved evaluation from a licensed health care professional verifying that Conroy is fit to practice law. Costs of this action shall be assessed against Conroy pursuant to rule 35.26(1).

**LICENSE SUSPENDED.**